Muhammad Asfandyar, Esq. (CA SBN: 363217)
Musaev & Associates, PC
409 N Camden Dr., Suite 108
Beverly Hills, CA 90210
asfandyar@musaev.com
tel: (424) 269-8840

*Attorney for Petitioner*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| Felipe Tum Mejia<br><br>Petitioner,<br><br>v.<br><br>Fereti Semaia, Warden, Adelanto ICE Processing Center; Ernesto Santacruz, Jr., Field Office Director, ICE Los Angeles; David Venturella, Acting Director, U.S. Immigration and Customs Enforcement; Markwayne Mullin, Secretary of Homeland Security; and Todd Blanche, Acting Attorney General of the United States,<br><br>Respondents. | CASE No. ___________________<br><br>**PETITION FOR WRIT OF HABEAS CORPUS** |

**Introduction**

1. Petitioner Felipe Tum Mejia, a citizen of Guatemala who has made his home in Fort Myers, Florida for twenty years, seeks a writ of habeas corpus under 28 U.S.C. § 2241 and his immediate release from the custody of U.S. Immigration and Customs Enforcement ("ICE") at the Adelanto ICE Processing Center in San Bernardino County, California. He has been detained since August 26, 2026. Decl. ¶¶ 3-4, 16-17.

2. Petitioner's application for asylum has been pending since August 2018. U.S. Citizenship and Immigration Services ("USCIS") has authorized him to work through January 2030. He owns and runs a small business, and he lives with his wife and their two United States citizen daughters in a home they own. For eight years the Government knew where he lived and left him at liberty. Decl. ¶¶ 6-10.

3. On August 26, 2026, a sheriff's officer stopped the car Petitioner was driving, told him there was nothing wrong with his license, and then arrested him and handed him to immigration custody. ICE held him at a detention center in Florida and then moved him more than 2,000 miles across the country, away from his wife and daughters. Decl. ¶¶ 12-16.

4. An Immigration Judge refused to release him in a one-line order that cites an "extensive arrest history between 2014 and 2025." The order does not identify a single arrest, charge, or conviction, it describes no conduct by Petitioner, and it contains no finding that he is a flight risk. Exh. F; Decl. ¶ 15. Petitioner disputes that characterization. An unexplained label is not evidence, and it cannot justify taking a person's liberty.

5. Petitioner's detention violates the Due Process Clause of the Fifth Amendment. He asks the Court to order his immediate release. Only in the alternative, if the Court does not order release, he asks for a prompt new custody hearing at which the Government must justify his detention by clear and convincing evidence.

**Jurisdiction and Venue**

6. This Court has jurisdiction under 28 U.S.C. § 2241, 28 U.S.C. § 1331, Article I, § 9, cl. 2 of the United States Constitution, and the Fifth Amendment. *Zadvydas v. Davis*, 533

U.S. 678, 687 (2001). Each claim pleaded here is a core habeas claim, because each assert that Petitioner's detention itself is unlawful and that release is the remedy. *Pinson v. Carvajal*, 69 F.4th 1059, 1072 (9th Cir. 2023).

7. Petitioner challenges the constitutionality of his detention. He does not challenge a removal order or the decision to commence proceedings against him, and he does not ask the Court to review a discretionary judgment. Section 1226(e) of Title 8 does not bar constitutional challenges to detention, *Demore v. Kim*, 538 U.S. 510, 516-17 (2003); *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011), and Sections 1252(a)(5), 1252(b)(9), and 1252(g) do not reach claims directed at detention itself. *Jennings v. Rodriguez*, 583 U.S. 281, 292-95 (2018) (plurality opinion).

8. Venue is proper in this District because Petitioner is detained at 10250 Rancho Road, Adelanto, California 92301, and his immediate custodian is located here. 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 442-43 (2004); *Doe v. Garland*, 109 F.4th 1188, 1192, 1199 (9th Cir. 2024). Adelanto is in San Bernardino County, so this action is commenced in the Eastern Division. Decl. ¶ 16; Exh. A.

**Parties**

9. Petitioner Felipe Tum Mejia is a citizen and national of Guatemala, born July 22, 1991, Alien Registration Number A 212-911-972. He is detained at the Adelanto ICE Processing Center. Decl. ¶¶ 3, 16; Exh. A.

10. Respondent Fereti Semaia is the Warden of the Adelanto ICE Processing Center and is Petitioner's immediate custodian. He is sued in his official capacity, together with his successors in office.

11. Respondent Ernesto Santacruz, Jr. is the Field Office Director of the Los Angeles Field Office of ICE Enforcement and Removal Operations and exercises legal control over Petitioner's custody. He is sued in his official capacity, together with his successors in office.

12. Respondent David Venturella is the Acting Director of U.S. Immigration and Customs Enforcement. He is sued in his official capacity, together with his successors in office.

13. Respondent Markwayne Mullin is the Secretary of Homeland Security and has ultimate authority over the Department of Homeland Security. 8 U.S.C. § 1103(a). He is sued in his official capacity, together with his successors in office.

14. Respondent Todd Blanche is the Acting Attorney General of the United States and oversees the Executive Office for Immigration Review. He is sued in his official capacity, together with his successors in office.

**Exhaustion**

15. No statute requires exhaustion before a § 2241 petition challenging immigration detention. Any requirement is prudential, and the Court may excuse it. *Laing v. Ashcroft*, 370 F.3d 994, 997-98 (9th Cir. 2004); *Singh*, 638 F.3d at 1203 n.3.

16. Exhaustion should be excused here. Petitioner's claims arise under the Fifth Amendment, and the Board of Immigration Appeals has no jurisdiction to decide constitutional questions. *Liu v. Waters*, 55 F.3d 421, 426 (9th Cir. 1995). Administrative review would take months, during which Petitioner would remain detained, and each additional day of unlawful detention is an injury that no later ruling can undo. *Laing*, 370 F.3d at 1000; *Hernandez v. Sessions*, 872 F.3d 976, 994-95 (9th Cir. 2017).

**Factual Allegations**

17. Petitioner came to the United States in October 2006, when he was fifteen years old, and has made his home in Fort Myers, Florida ever since. Decl. ¶ 4.

18. The Government has known of Petitioner and where he lives since at least 2017. In August 2018 he filed an application for asylum, which remains pending. USCIS has granted him employment authorization, now valid through January 7, 2030. Decl. ¶¶ 5-8; Exh. B, D, E.

19. Petitioner lives with his wife and their two United States citizen daughters at 3725 Marion Street in Fort Myers, a home he and his wife own. Since 2020 he has owned and managed Tum Services LLC, through which he works as a flooring subcontractor. He serves as a minister in his church. Decl. ¶¶ 8-10.

20. On August 26, 2026, Petitioner and his wife were driving to work in Fort Myers when a sheriff's officer stopped them and took both of their driver's licenses to his vehicle. When he returned, the officer told Petitioner's wife that everything was fine and asked Petitioner to step out of the car for a photograph. As soon as Petitioner stepped out, the officer arrested him. When Petitioner asked what was wrong with his license, the officer answered that there was nothing wrong with it. Petitioner was then handed to immigration custody. Decl. ¶¶ 12-13.

21. ICE held Petitioner at the Baker County Detention Center in Macclenny, Florida. On September 18, 2026, an Immigration Judge denied his request for release. The order gives one reason, "danger to the community based on Respondent's extensive arrest history between 2014 and 2025." It does not identify any arrest, charge, or conviction, it describes no conduct by Petitioner, and it contains no other findings. Decl. ¶¶ 14-15; Exh. F.

22. ICE then transferred Petitioner to the Adelanto ICE Processing Center in California, more than 2,000 miles from his wife and daughters. He has been detained continuously since August 26, 2026. Decl. ¶¶ 16-17; Exh. A.

23. Petitioner was the only one in his family who worked to support the household. Since his arrest his older daughter has had to work to pay the costs of his case, and his 13-year-old daughter has stopped eating and sleeping. Decl. ¶ 19.

## <u>Claims for Relief</u>

Petitioner incorporates the preceding paragraphs into each claim below.

## First Claim for Relief

### *Fifth Amendment, Procedural Due Process: Detention Without Constitutionally Adequate Process*

24. The Due Process Clause protects every person within the United States, "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. Freedom from physical restraint lies "at the core of the liberty protected by the Due Process Clause." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992). After eight years at

liberty, known to the Government and authorized by it to work, Petitioner had a protected interest in remaining free. *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972).

25. Respondents took that liberty without notice, without any hearing before the deprivation, and without identifying any change in Petitioner's circumstances. The only process that followed was a custody hearing at which Petitioner carried the burden of proof, *Matter of Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006), and which ended in an order resting on an unspecified "arrest history." "The mere fact that a man has been arrested has very little, if any, probative value in showing that he has engaged in any misconduct." *Schware v. Bd. of Bar Exam'rs*, 353 U.S. 232, 241 (1957).

26. Whether the process Petitioner received was adequate turns on three factors: the private interest affected; the risk of an erroneous deprivation under the procedures used and the probable value of additional safeguards; and the Government's interest, including the burden that additional procedures would impose. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Each factor favors Petitioner. ***The private interest.*** Freedom from physical detention is the most elemental liberty interest there is. Petitioner's is heightened by eight years at liberty, a home and a business he built, and two citizen daughters who depend on him. Decl. ¶¶ 8-10, 19. ***The risk of erroneous deprivation.*** ICE detained Petitioner without notice and without a prior hearing. The only hearing that followed placed the burden on him and ended in a one-line order that names no arrest, charge, conviction, or act. Decl. ¶ 15; Exh. F. Liberty that turns on an unexplained label carries the greatest risk of error. A hearing at which the Government must prove facts with evidence before a neutral decisionmaker would sharply reduce that risk. ***The Government's interest.*** Civil detention may serve only to secure appearance and protect the community. No one has found that Petitioner is a flight risk, and no identified conduct supports a finding of danger. Requiring the Government to prove its case before taking a person's liberty imposes no meaningful burden. *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). Petitioner's detention violates due process, and the remedy is release. *Munaf v. Geren*, 553 U.S. 674, 693 (2008).

## Second Claim for Relief

***Fifth Amendment, Substantive Due Process: Detention That Serves No Legitimate Purpose***

27. Civil immigration detention must bear a reasonable relation to its only legitimate purposes, ensuring appearance and protecting the community. *Zadvydas*, 533 U.S. at 690-91. "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987).

28. Petitioner's detention serves neither purpose. He has lived in one community for twenty years, owns his home and his business, has a wife and two citizen daughters there, and has pursued his asylum application since 2018. No one has found that he is a flight risk. The finding of danger rests on a label, not on any identified conduct. Holding him 2,000 miles from his family on that basis is arbitrary, and he is entitled to release.

## Prayer for Relief

Petitioner's request is release. He respectfully requests that this Court:

(a) Issue a writ of habeas corpus and order Respondents to release Petitioner from custody immediately, and in no event later than twenty-four hours after the Court's order, on his own recognizance or on such conditions as the Court determines are reasonably necessary to secure his appearance;

(b) Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment;

(c) Enjoin Respondents from re-detaining Petitioner during the pendency of his removal proceedings absent materially changed circumstances, prior written notice to Petitioner and his counsel, and a hearing before a neutral decisionmaker;

(d) Pending the Court's decision, enjoin Respondents from transferring Petitioner outside this District and from removing him from the United States, except for his release;

(e) Order Respondents to file a statement within one business day of Petitioner's release attesting to their compliance with the Court's order;

(f) In the alternative only, if the Court declines to order Petitioner's release, order Respondents to provide him, within seven days, a new individualized custody hearing before an immigration judge at which the Government bears the burden of proving by clear and convincing evidence that he is a flight risk or a danger to the community, *Singh*, 638 F.3d at 1203-04, at which no finding of danger may rest on arrests without reliable evidence of the underlying conduct, and at which alternatives to detention are considered, and order his release if that hearing is not held within that time;

(g) Retain jurisdiction to enforce compliance with its order;

(h) Award Petitioner his costs and reasonable attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412; and

(i) Grant such further relief as the Court deems just and proper.

Date: 10/21/2026

Respectfully Submitted,

*/s/ Muhammad Asfandyar*

Muhammad Asfandyar, Esq.

(CA SBN: 363217) Musaev &

Associates, PC

*Attorney for Petitioner*