**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

FELIPE TUM MEJIA,
Plaintiff,
v.
FERETI SEMAIA, et al.,
Defendant.

Case No. 5:26-cv-06226-ACCV

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

## I. RULING

On October 21, 2026, Petitioner Felipe Tum Mejia ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") challenging his detention as a Fifth Amendment Due Process Violation. (Dkt. 1.) For the reasons stated below, the Court grants the Petition and orders Respondents to immediately release Petitioner Felipe Tum Mejia (A#212-911-972) from Adelanto ICE Processing Center.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a native and citizen of Guatemala. (Dkt. 1 at 3.) Petitioner claims he entered the United States without inspection near Sasabe, Arizona, in October 2006 when he was fifteen years old. (Dkt. 1 at 4.) The Form I-213 submitted by Respondents states Petitioner entered the United States on a unknown date, time, and location without being admitted or paroled. (Dkt. 11-1 at 3.) Since Petitioner entered the United States, Petitioner has resided in Fort Meyers, Florida. (Dkt. 1 at 2.)

Petitioner has criminal history. (Dkt. 11-1 at 3.) On April 30, 2014, Petitioner was arrested for driving without a license and driving under the influence; he was subsequently convicted of both on May 16, 2014. (Dkts. 3-1 at 3; 3-2 at 12; 11-1 at 3.) Petitioner was also arrested and convicted of misdemeanor driving on a suspended license on February 17, 2017, and again on December 11, 2018. (Dkt. 11-1 at 3.)

On August 26, 2017, U.S. Border Patrol Agents pulled over a car Petitioner was a passenger in and detained him. (Dkt. 3-2 at 10-11.) On January 11, 2018, Petitioner was released from custody on a $15,000 bond. (Dkt. 11-1 at 3.)

Petitioner filed a Form I-589 Application for Asylum and for Withholding of Removal on August 1, 2018. (Dkt. 3-1 at 2-3.) Petitioner's asylum application remains pending. (*Id.*) Petition has employment authorization until January 7, 2030. (*Id.*)

On August 26, 2026, Petitioner was pulled over while driving with his wife. (Dkt. 1 at 5.) Petitioner was detained and held at the Baker County Detention Center in Macclenny, Florida. (*Id.*) On September 18, 2026, an IJ denied Petitioner bond finding Petitioner is a danger to the community based on his prior arrests. (*Id.*) Petitioner was transferred to the Adelanto ICE Processing Center in Adelanto, California. (*Id.*)

Petitioner filed a Petition for Writ of Habeas Corpus on October 21, 2026. (Dkt. 1.) Petitioner brings two claims for relief: (1) Fifth Amendment, Procedural Due Process: Detention Without Constitutionally Adequate Process, and (2) Fifth Amendment, Substantive Due Process: Detention That Serves No Legitimate Purpose. (*Id.* at 5-8.) For relief, Petitioner seeks immediate release or, in the alternative, a new custody hearing at which the Government bears the burden of justifying his detention by clear and convincing evidence. (*Id.* at 7–8.)

On October 21, 2026, Petitioner filed Ex Parte Application for Temporary Restraining Order. (Dkt. 3.) On October 26, 2026, the Court denied the application without prejudice and enjoined Respondents from removing Petitioner from the Central District of California during the pendency of this case. (Dkt. 9 at 2.)

///

On October 26, 2026, the Court entered a Text Only Entry stating "Respondents have not filed a notice of appearance. If Respondents intend to appear in this matter, they must file a notice of appearance within 24 hours. If Respondents do not intend to appear in this matter, the Court requests that Respondents file the Form I-213 for Petitioner no later than 4:00 p.m. on October 28, 2026." (Dkt. 8.)

Respondents filed Respondents' Answer to Petition for Writ of Habeas Corpus on October 28, 2026. (Dkt. 11.) Respondents argue DHS has discretionary authority to detain Petitioner under 8 U.S.C. § 1226(a), Petitioner's criminal history was properly weighed by the IJ at the bond hearing; and Petitioner has not exhausted administrative remedies. (*Id.* at 2–4.) Respondents request the denial of the Petition. (*Id.* at 4.)

On November 11, 2026, Petitioner filed Petitioner's Notice of Motion and Motion for Leave to File Reply After the Deadline. (Dkt. 12.) Petitioner's Reply to Respondents' Answer to Petition for Writ of Habeas Corpus argues: (1) Respondents' own records show that Petitioner was released on bond in 2018 and was re-detained without any change in circumstances; (2) Petitioner's re-detention without a pre-deprivation hearing violates due process, (3) the September 18, 2026, bond hearing did not cure the violation; and (4) exhaustion should be excused. (Dkt. 12-1 at 2–5.) The Court granted Petitioner's Notice of Motion and Motion for Leave to File Reply After the Deadline, on November 12, 2026. (Dkt. 12.)

On November 17, 2026, Petitioner filed Petitioner's Ex Parte Application for Expedited Judgment Granting the Petition and Ordering Immediate Release. (Dkt. 14.) Petitioner argues: (1) the Court should decide the Petition now because of new evidence that his detention is causing ongoing, irreparable harm to his stepdaughter, (2) this Court's prior decisions require release because exhaustion should be waived, (3) the post-arrest bond hearing does not cure the lack of a pre-deprivation hearing, and (4) no material change in circumstances justified his re-detention. (Dkts. 14 at 2–6; 14-1 at 5, 9.)

///

## III. ANALYSIS

### A. Habeas Jurisdiction

A writ of habeas corpus may be granted to any petitioner who demonstrates "he is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973). "[A]t its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Rasul v. Bush*, 542 U.S. 466, 474, 124 S. Ct. 2686, 2692, 159 L. Ed. 2d 548 (2004). A petitioner bears the burden of proving by the preponderance of the evidence that he is entitled to habeas relief. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

### B. Exhaustion

As an initial matter, the Court finds exhaustion of administrative remedies is not warranted. "Courts may require prudential exhaustion if '(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.'" *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (quoting *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)). A court may waive the exhaustion requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (citation omitted).

Here, administrative remedies would be "inadequate and futile," as a post-deprivation bond hearing "would not address the propriety of Petitioner's claim that

[he] was not afforded constitutionally adequate procedural safeguards prior to the deprivation of [his] liberty interest." *R.N.G. v. Semaia*, No. EDCV 26-2839-DSR, 2026 WL 2089544, at *3 (C.D. Cal. July 14, 2026). Additionally, Petitioner would "suffer significant irreparable harm" in the form of continued detention "if forced to wait for an administrative appeal to be decided." *Villa v. Mullin*, No. EDCV 26-01690-JDE, 2026 WL 1583941, at *4 (C.D. Cal. June 2, 2026). For the same reason, the alternative remedy of a post-deprivation bond hearing is also inadequate to redress Petitioner's due process challenge to his detention without adequate notice and a pre-deprivation hearing. *See Gudavasov v. Marin*, No. EDCV 26-00541-AH-MBKx, 2026 WL 712827, at *3 (C.D. Cal. Mar. 9, 2026) (collecting cases finding "a post-detention bond hearing is insufficient to cure a violation of procedural due process arising from detention without a pre-deprivation hearing"). Accordingly, the Court exercises its discretion to waive the prudential exhaustion requirement for Petitioner.

**C. Petitioner's Due Process Claim**

Petitioner argues his ongoing detention since August 26, 2026, violates his procedural and substantive due process rights under the Fifth Amendment. (Dkt. 1 at 5-7.) Respondents assert that Petitioner is lawfully detained because DHS has discretionary authority to detain him under 8 U.S.C. § 1226(a), the IJ properly weighed his criminal history at his September 18, 2026, bond hearing, and Petitioner has not exhausted his administrative remedies. (Dkt. 11 at 2-4.) The Court agrees with Petitioner.

As an initial matter, the Court rejects Respondents' argument that the IJ's bond determination forecloses the Court's review (Dkt. 11 at 2-4.) A claim is moot only when "there is no longer a possibility" that a litigant "can obtain relief for his claim." *See Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 521 (9th Cir. 1999). "[W]hen, by virtue of an intervening event, a court [ ] cannot 'grant any effectual relief whatever' in favor of the [petitioner]," the proceeding should be dismissed as moot. *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (citation omitted). Here, Petitioner's bond hearing

does not preclude the Court from granting any effectual relief. Indeed, the Court can still grant the only relief that Petitioner seeks in the Petition—his immediate release. (Dkt. 1 at 7-8.) Petitioner filed his Petition after the bond hearing, and challenges ICE decision to re-detain him without pre-deprivation notice and a hearing – not the outcome of his bond hearing. (Dkts. 1 at 5-7; 12-1 at 2-5.) The Court's reasoning rests solely on that claim.

The Court turns to the merits of Petitioner's due process claim. Courts in this district have previously found that, under the *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) noncitizens in circumstances comparable to Petitioner were entitled to release because their re-detention without a hearing or a material change in circumstances violated due process. *See, e.g., Sun v. Warden of Adelanto ICE Processing Center, et al.*, No. 5:26-cv-03595-MBK, 2026 WL 2058437, at *1 (C.D. Cal. July 14, 2026); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *4 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026).

Courts have extended these principles to cases in which a noncitizen had not been released from immigration custody previously, but where the record indicates that the Government "deliberate[ly] acquiesce[d]" in the noncitizen's remaining at liberty in the United States. *See Martinez v. Acting Warden of the Adelanto Detention Center*, No. 5:26-cv-02635-ACCV, 2026 WL 2262269, at *5 (C.D. Cal. Aug. 5, 2026); *Gagik T. v. Chestnut*, No. 1:26-cv-04337-MWJS, 2026 WL 1837413 (E.D. Cal. June 25, 2026) (holding that a visa overstayer with a pending asylum application "possesses a constitutionally protected liberty interest that the Government cannot extinguish without affording pre-deprivation process"); *Kharitonova v. Albarran*, No. 3:26-cv-01362-JSC, 2026 WL 531441, at *2 (N.D. Cal. Feb. 25, 2026) (concluding that noncitizen who overstayed nonimmigrant visa and entered removal proceedings, but was never detained, had a protected liberty interest in remaining free**).** This case is comparable. Petitioner was taken into custody on August 26, 2017, and was released on

January 11, 2028, when an IJ released him on a $15,000 bond. (Dkts. 3-2 at 10-11; 11-1 at 3.) For more than seven years, Petitioner remained at liberty in Fort Meyers, Florida, building a life with his family, submitting an asylum application, and working with valid work authorization that expires in 2030. (*See* Dkts. 1 at 2-4 ; 3-1 at 2-3; 14 at 4, 8.) Respondents point to Petitioner's criminal history as the reason why Petitioner's bond was denied by the IJ. (Dkt. 11-1 at 3.) Petitioner's most recent arrest was December 11, 2018, more than seven years before Petitioner's re-detention in August 2026. (*See* Dkts. 1 at 5; 11-1 at 3.) Furthermore, Respondents identify no change in circumstances which prompted ICE to re-detain Petition in August 2026. (*See generally* Dkt. 11.) The Government knew where Petitioner was, but permitted him to remain at liberty from January 2018 to August 2026. (*See* Dkts. 1 at 2-4 ; 3-1 at 2-3; 14 at 4, 8.) Under these circumstances, the Court finds that Petitioner's re-detention without a pre-deprivation hearing or a material change in circumstances violates Due Process.

Most courts have "concluded that a post-detention bond hearing is insufficient to cure a violation of procedural due process arising from detention without a pre-deprivation hearing." *Nurlan Gudavasov v. David Marin*, No. 5:26-cv-00541-AH-MBK, 2026 WL 712827, at *3 (C.D. Cal. Mar. 9, 2026) (collecting cases); *Orellana-Rivera v. J. Johnson*, 5:26-cv-2116-HDV-AJR, Dkt. 18 at 2 (C.D. Cal. May 14, 2026) (observing that an "increasing wave of district courts have concluded, a post-hoc bond hearing" is insufficient to remedy the denial of a petitioner's right to pre- deprivation process and ordering the petitioner's release); *Sun v. Warden of Adelanto ICE Processing Center, et al.*, No. 5:26-cv-03595-MBK, 2026 WL 2058437, at *6 (C.D. Cal. July 14, 2026) (same).

These decisions reason that a post-deprivation hearing "cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty." *Khalsa v. Janecka, et al.*, No. 5:26-cv-00623-CAS-AGR, 2026 WL 486670, at *7 (C.D. Cal. Feb. 19, 2026) (quoting *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025)); *see also Mendoza v.*

*Adelanto ICE Processing Center Warden*, No. 5:26-cv-02144-KES, 2026 WL 1480247, at *4 (C.D. Cal. May 22, 2026) ("allowing the government to 'cure' such a violation by providing a post-detention hearing would effectively render any holding that a pre-detention hearing is required meaningless"); *Hector Jose Martinez Lopez v. Dep't of Homeland Sec. et al.*, No. 25-cv-03607-KK-ADS, 2026 WL 1365980, at *7 (C.D. Cal. Apr. 23, 2026) ("a post-detention bond hearing would offer little more than cold comfort to Petitioner, whose erroneous deprivation of liberty, along with the concomitant damage to his mental health and impact on his family, has already taken place") (cleaned up).

"[T]he purpose of habeas remedies is to put the defendant back in the position he would have been in if the constitutional violation never occurred." *Lujan v. Garcia*, 734 F.3d 917, 935 (9th Cir. 2013) (cleaned up); *see also United States v. Stein*, 541 F.3d 130, 146 (2d Cir. 2008) (recognizing that the "[t]he appropriate remedy for a constitutional violation is one that as much as possible restores" a litigant "to the circumstances that would have existed had there been no constitutional error") (cleaned up). Accordingly, a person who has suffered a constitutional violation should ordinarily be returned "to the status quo, or 'the last uncontested status which preceded the pending controversy.' " *V.K. v. Noem*, No. 5:26-CV-00241-MWC-SK, 2026 WL 246023, at *5 (C.D. Cal. Jan. 25, 2026) (quoting *Hoac v. Becerra*, No. 2:25-CV-01740-DC-JDP, 2025 WL 1993771, at *7 (E.D. Cal. July 16, 2026)); *Chowdhury v. Lyons*, No. 5:26-cv-01252-MEMF-E, 2026 WL 1045562, at *7 (C.D. Cal. Apr. 13, 2026) ("prompt release is the remedy that will best return Petitioner to the status quo and restore his position as it was prior to the detention that Petitioner contends was in violation of his constitutional and statutory protections"). Here, Petitioner remained at liberty for over seven years, the proper remedy is to release him from custody. (*See* Dkts. 3-1 at 3; 11-1 at 3.)

Accordingly, the Court finds that Petitioner's detention violates procedural due process and he is entitled to habeas relief. Because the Court is granting relief on this

basis and ordering release, Petitioner's Petitioner filed Petitioner's Ex Parte Application for Expedited Judgment Granting the Petition and Ordering Immediate Release. (Dkt. 14) is moot.

## IV. CONCLUSION

For the reasons stated, the COURT GRANTS the Petition and ORDERS:

(1) Respondents to release Petitioner Felipe Tum Mejia (A#212-911-972) immediately under the same conditions as Petitioner was on prior to Petitioner's detention;

(2) Respondents to return all property to Petitioner that was confiscated from Petitioner when Petitioner was arrested and processed into detention;

(3) Respondents to file a statement with the Court within three days of Petitioner's release, attesting to Respondents' compliance with this Order; and

(4) That any future enforcement actions after Petitioner's release must comply with Due Process requirements.

DATED: November 20, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge